## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANASTASSIA TROITSKAIA and TIFFANY HUNTLEY, on behalf of themselves and others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>STK MIDTOWN, LLC, STK MIDTOWN HOLDINGS, LLC, THE ONE GROUP, LLC, and THE ONE GROUP HOSPITALITY, INC.,<br><br>               Defendants. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Anastassia Troitskaia and Tiffany Huntley ("Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. The ONE Group Hospitality, Inc. ("ONE Group") owns and operates restaurants brands, including STK Steakhouse, and also operates food and beverage services for hospitality venues such as hotels and casinos.[1] STK Steakhouse is among ONE Group's "primary restaurant brands" with 25 locations across the world.[2]

2. Plaintiffs worked as servers and bartenders for Defendants STK Midtown, LLC, STK Midtown Holdings, LLC, The ONE Group LLC, and/or The ONE Group Hospitality, Inc. ("STK," or "Defendants") in New York.

---

[1]    2023 Form 10-K, at 2-3, https://ir.togrp.com/annual-reports#document-20156-0001558370-23-003329

[2]    *Id.* at 2-3.

3.    This lawsuit seeks to recover unpaid wages, statutory penalties, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for Plaintiffs and their similarly situated co-workers – bussers, runners, bartenders, servers, and other tipped workers ("Tipped Workers") who work or have worked for Defendants in New York.

4.    Plaintiffs bring this action on behalf of themselves and Tipped Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA, which deprived Plaintiffs and Tipped Workers of their lawfully earned wages.

5.    Plaintiffs also bring this action on behalf of themselves and Tipped Workers in New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

**Unpaid Wages**

6.    By the conduct described in this Complaint, Defendants willfully violated the FLSA and the NYLL by failing to pay Plaintiffs and Tipped Workers for all hours worked as required by law.

**Tip Credit and Tip Misappropriation**

7.    Defendants paid Plaintiffs and other Tipped Workers sub-minimum hourly wages, purporting to take a "tip credit" under the NYLL and the FLSA.  Defendants were not permitted to take a "tip credit" because Defendants failed to meet the strict requirements that would allow them to do so.

8.      Defendants did not provide Tipped Workers with proper notification of the tipped minimum wage or tip credit provisions of the NYLL or FLSA.

9.      Defendants also unlawfully misappropriated tips earned by Plaintiffs and Tipped Workers by failing to distribute all cash tips collected from customers.

**Spread of Hours**

10.     Defendants also regularly failed to pay tipped workers one hour of wages for workdays in which they worked ten or more hours ("spread of hours"), as required by the NYLL.

**Wage Notices and Statements**

11.     Defendants failed to provide Plaintiffs and other Tipped Workers with wage notices that are statutorily required under NYLL § 195(1)(a), or accurate wage statements that complied with NYLL § 195(3).

**Payment of Timely Wages**

12.     Defendants failed to pay Plaintiffs and other Tipped Workers on a timely basis as required by NYLL § 191(1)(a).

## THE PARTIES

**Plaintiffs**

**Anastassia Troitskaia**

13.     Anastassia Troitskaia is an adult individual who is a resident of Brooklyn, New York.

14.     Plaintiff Troitskaia was employed by Defendants as a bartender at STK Steakhouse - Downtown, in New York, New York, from in or around September 2019 until June 2021.

15.     Plaintiff Troitskaia is a covered employee within the meaning of NYLL §§ 190(2) and 651(5) and the FLSA.

16.     While employed as a bartender, Plaintiff Troitskaia regularly worked 10- to 12-hour shifts 3 to 4 days per week.

17.     Throughout her employment with Defendants, Plaintiff Troitskaia was required by Defendants to work off-the-clock without compensation.  Specifically, STK managers directed Plaintiff Troitskaia to clock out for a 30-minute break, then required her to return to work during this unpaid period.

18.     Plaintiff Troitskaia would be so busy working during the time that she was clocked out that she would work up to an hour off-the-clock, because she was unable to find the time to clock back in.

19.     Defendants did not pay Plaintiff Troitskaia all her wages, specifically cash tips, on a weekly basis.  Defendants never paid her some cash tips she earned and instead retained them.

20.     A Consent to Join form for Plaintiff Troitskaia is attached hereto as Exhibit A.

**Tiffany Huntley**

21.     Tiffany Huntley is an adult individual who is a resident of New York, New York.

22.     Plaintiff Huntley was employed by Defendants as a server at STK Steakhouse - Downtown, in New York, New York, from in or around June or July 2020 until June 2021.

23.     Plaintiff Huntley is a covered employee within the meaning of NYLL §§ 190(2) and 651(5) and the FLSA.

24.     Throughout her employment with Defendants, Plaintiff Huntley regularly worked more than 40 hours per workweek.  Illustratively, to the best of her recollection, Plaintiff Huntley

regularly worked approximately 14- to 16-hour double shifts three days per week, and approximately 6- to 8-hour dinner shifts two days per week.

25.     Throughout her employment with Defendants, Plaintiff Huntley was required by Defendants to work off-the-clock.  Specifically, STK managers directed Plaintiff Huntley to clock out for a 30-minute break, then required her to return to work during this unpaid time.

26.     Defendants did not pay Plaintiff Huntley all her wages, specifically cash tips, on a weekly basis.  Defendants never paid some cash tips she earned at all and instead retained them.

27.     A Consent to Join form for Plaintiff Huntley is attached hereto as Exhibit B.

**Defendants**

28.     Defendant STK Midtown, LLC is a limited liability company formed in New York, and is a subsidiary of Defendant The ONE Group Hospitality, Inc.[3]

29.     Defendant STK Midtown Holdings, LLC is a limited liability company formed in New York, and is a subsidiary of Defendant The ONE Group Hospitality, Inc.[4]

30.     Defendant The ONE Group LLC is a limited liability company formed in Delaware, and is a subsidiary of Defendant The ONE Group Hospitality, Inc.[5]

31.     Defendant The ONE Group Hospitality, Inc. is a corporation formed in Delaware with principal executive offices in Denver, Colorado (per its Form 10-K)[6] and New York, New York (per its registration with the New York Department of State).

---

[3]     Ex. 21.1 to 2022 Form 10-K, https://s3.amazonaws.com/content.stockpr.com/togrp/sec/0001558370-23-003329/for_pdf/stks-20221231xex21d1.htm.
[4]     *Id.*
[5]     *Id.*
[6]     2022 Form 10-K, *supra*, at 1.

32.     Throughout the relevant period, Defendants owned, operated, and/or controlled STK restaurants in New York where Plaintiffs and Tipped Workers worked.

33.     During all relevant times, Defendants have been Plaintiffs' and Tipped Workers' employers within the meaning of NYLL §§ 190(3) and 651(6) and the FLSA.

34.     At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and Tipped Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

35.     Defendants are a single integrated enterprise that employed and/or jointly employed Plaintiffs and Tipped Workers during all relevant times.

36.     Defendants applied the same employment policies, practices, and procedures to all Tipped Workers at its STK Steakhouse restaurants in New York, including policies, practices, and procedures with respect to payment of minimum wage and overtime compensation, and the provision of wage notices and wage statements.

37.     Upon information and belief, at all relevant times, Defendants had an annual gross volume of sales of not less than $500,000.

## JURISDICTION AND VENUE

38.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

39.     Supplemental jurisdiction over Plaintiffs' state law claims is proper under 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

40.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

41.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiffs bring the First and Second Causes of Action, the FLSA claims, on behalf of themselves and all similarly situated Tipped Workers who worked for Defendants during the applicable statute of limitations at STK restaurants in New York, New York and who elect to opt-in to this action ("FLSA Collective Members").

43.     Plaintiffs are similarly situated to each other and the FLSA Collective Members because, while employed by Defendants, they have had similar job requirements; were subject to the same laws and regulations; were subject to the same or similar pay provisions; and were subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing to and refusing to pay the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of 40 hours per workweek, failing to provide proper notice that they would be paid a subminimum wage, and failing to distribute all gratuities collected from customers.  Defendants also regularly required Plaintiffs and FLSA Collective Members to work off-the-clock and without compensation in violation of the FLSA.  Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Members.

44.     Upon information and belief, Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

45.    Defendants are aware or should have been aware that federal law requires them to pay employees minimum wage for all the hours they work.

46.    Defendants are aware or should have been aware that federal law requires them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

47.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

48.    In 2022, The One Group Hospitality, Inc. had a revenue of $316.6 million, and $277.2 million in 2021.[7]  In 2022, the average owned and managed STK restaurant open for at least 18 months had a revenue of $19.1 million.[8]

49.    Upon information and belief, Defendants had, or should have had, adequate resources to ensure that it was complying with applicable wage and hour laws, such as the requirement to pay employees minimum wage for all the hours they work, pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek, provide tip credit notices to tipped workers, and distribute to tipped workers all gratuities collected from customers.

50.    Defendants knew or should have known that the nonpayment of minimum wage and overtime pay and the failure to distribute to tipped workers all gratuities collected from customers would financially injure Plaintiffs and other Tipped Workers.

51.    Defendants have been named as defendants in multiple wage and hour lawsuits on behalf of tipped workers in the last ten years.  *See, e.g.*, *Valladolid v. STK Midtown LLC*, No. 1:16-cv-01265-ALC (SDNY).

---

[7]    2022 Form 10-K, *supra*, at 21.
[8]    *Id.* at 3.

52.     Upon information and belief, being subject to litigation routinely includes a risk and liability analysis. Upon information and belief, conducting this risk and liability analysis with respect to potential wage and hour violations in the course of litigation – and the litigation itself – should have put Defendants on notice of the potential for wage and hour violations.

53.     The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

54.     Court-authorized notice should issue to the FLSA Collective Members to provide them with an opportunity to learn about this lawsuit and submit a consent to join form pursuant to 29 U.S.C. § 216(b) if they wish to join it.

## NEW YORK CLASS ACTION ALLEGATIONS

55.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, NYLL claims under Rule 23(b)(3), on behalf of themselves and all similarly situated Tipped Workers who worked at STK restaurants in New York during the period between six years prior to the filing of the original Complaint and the date of final judgment in this matter ("NY Rule 23 Class").

56.     Excluded from the NY Rule 23 Class Members are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the NY Rule 23 Class.

57.     The members of the NY Rule 23 Class ("NY Rule 23 Class Members") are readily ascertainable. The number and identity of the NY Rule 23 Class Members are determinable from Defendants' records. The hours assigned and worked, the positions held, and

the rates of pay for each NY Rule 23 Class Member are also determinable from Defendants'

records.  For the purpose of notice and other purposes related to this action, their names and

addresses are readily available from Defendants.  Notice can be provided by means permissible

under Rule 23.

***Numerosity***

58.    Upon information and belief, there are more than 40 members in the proposed NY

Rule 23 Class.

59.    The NY Rule 23 Class Members are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

***Common Questions of Law and/or Fact***

60.    Common questions of law and fact exist as to the NY Rule 23 Class that

predominate over any questions only affecting Plaintiffs and the NY Rule 23 Class Members

individually and include, but are not limited to, the following:

    a.  whether Defendants paid Plaintiffs and the NY Rule 23 Class Members at the proper minimum wage rate for all hours worked;

    b.  whether Defendants had a policy or practice of failing to provide adequate notice of their payment of a reduced minimum wage to Plaintiffs and the NY Rule 23 Class Members;

    c.  what notice is required for Defendants to take a tip credit;

    d.  whether Defendants distributed all gratuities collected from customers to Plaintiffs and the NY Rule 23 Class Members;

    e.  whether Plaintiffs and the NY Rule 23 Class Members worked in excess of 40 hours per week and/or 10 hours per day;

    f.  whether Defendants paid Plaintiffs and the NY Rule 23 Class Members at the proper overtime rate for hours worked in excess of 40 hours per workweek;

g.  whether Defendants maintained a policy or practice of requiring, suffering, or permitting Plaintiffs and the NY Rule 23 Class Members to work off-the-clock without proper compensation;

h.  whether Defendants failed to pay Plaintiffs and the NY Rule 23 Class Members an extra hour of wages as spread of hours compensation for days in which they worked more than ten hours;

i.  whether Tipped Workers are "manual workers" under the New York Labor Law;

j.  whether Defendants correctly compensated Plaintiffs and the NY Rule 23 Class on a timely basis;

k.  whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the NY Rule 23 Class Members, and other records;

l.  whether Defendants failed to furnish Plaintiffs and the NY Rule 23 Class Members with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance, as required by the Wage Theft Prevention Act; and

m.  the nature and extent of class-wide injury and the measure of damages for those injuries.

### *Typicality of Claims and/or Defenses*

61.  Plaintiffs' claims are typical of those claims which could be alleged by any NY Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each NY Rule 23 Class Member in separate actions.

62.  All the NY Rule 23 Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wages, failing to pay overtime, failing to pay for off-the-clock work, failing to provide spread of hours pay, failing to timely pay Tipped Workers, unlawfully misappropriating tips collected from customers, and failing to provide proper wage statements and notices,

63.    Plaintiffs and the NY Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

64.    Plaintiffs and the NY Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all NY Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as as to each of the NY Rule 23 Class Members.

65.    Plaintiffs and other NY Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

66.    Plaintiffs are able to fairly and adequately protect the interests of the NY Rule 23 Class Members and have no interests antagonistic to the NY Rule 23 Class Members.

67.    Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

*Superiority*

68.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual NY Rule

23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual NY Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual NY Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual NY Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the NY Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

## COMMON FACTUAL ALLEGATIONS

### *Minimum and Overtime Wages Owed to Plaintiffs and the Proposed Class and Collective*

69.    Defendants paid Plaintiffs and Tipped Workers at a sub-minimum, tip-credit wage rate for each hour worked as a Tipped Worker.

70.    Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is allowable under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants:  (1) failed to provide Tipped Workers with the statutorily required notice that Defendants intended to pay them a reduced minimum wage rate; and (2) misappropriated Tipped Workers' tips.

71.     Defendants also maintained a policy and practice whereby Tipped Workers were encouraged and/or required to work off-the-clock, including by performing side work or serving tables during unpaid breaks. Some of the work that Plaintiffs and Tipped Workers performed off-the-clock was in excess of 40 hours in a workweek.

72.     Defendants did not pay Plaintiffs the proper wages and/or at the proper wage rate for all the time that they were suffered or permitted to work each workweek.

73.     During their employment with Defendants, Plaintiffs received paychecks that did not properly record or compensate them for all the hours worked.

74.     Defendants failed to pay Plaintiffs and Tipped Workers the legally mandated spread of hours pay for days in which they worked in excess of ten hours.

***Tip Misappropriation and Failure to Pay Timely Wages***

75.     Defendants unlawfully misappropriated tips earned by Plaintiffs and other Tipped Workers by failing to distribute all tips collected from customers.

76.     On the occasions that Defendants distributed all tips collected from customers, Defendants failed to distribute said tips to Plaintiffs and other Tipped Workers on a weekly basis.

77.     Specifically, Defendants regularly delayed payment of cash tips for multiple weeks, and often not did not distribute cash tips collected from customers to Plaintiffs and Tipped Workers in full or at all.

78.     Throughout Plaintiffs' employment, over 25% of their duties consisted of physical tasks, including cutting fruit, polishing and rolling silverware, folding napkins, cleaning stations, washing glasses, setting up dining rooms, and carrying and serving food and drinks to customers. Despite regularly spending more than 25% of their shift on physical tasks, Plaintiffs were not compensated by Defendants their full wages on a weekly basis.

79.     Defendants committed the foregoing acts against the Plaintiffs and members of the FLSA Collective and the NY Rule 23 Class.

***Inaccurate Wage Notices and Wage Statements***

80.     Defendants failed to provide accurate wage statements to Plaintiffs and other Tipped Workers that reflected all hours worked and/or other statutorily required information.

81.     By providing inaccurate wage statements to Plaintiffs and other Tipped Workers while withholding pay for all hours worked, Defendants deprived Plaintiffs and members of the NY Rule 23 Class of information that could have permitted Tipped Workers to determine the extent of their underpayment.

82.     Defendants failed to provide wage notices to Plaintiffs and other Tipped Workers.

83.     By failing to provide wage notices to Plaintiffs and other Tipped Workers while withholding pay for all hours worked, Defendants made it more difficult for Plaintiffs and members of the NY Rule 23 Class to confirm that they were being paid accurately and adequately both under applicable law and the terms of their employment with Defendants.

84.     Defendants committed the foregoing acts against the Plaintiffs and members of the FLSA Collective and the NY Rule 23 Class.

85.     Defendants committed the acts alleged in this Class and Collective Action Complaint knowingly, intentionally, and willfully.

<u>**FIRST CAUSE OF ACTION**</u>
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

86.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

87.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

88.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]," including Plaintiffs and the FLSA Collective Members.

89.     Defendants were required to pay directly to Plaintiffs and the FLSA Collective Members the applicable state minimum wage rates for all hours worked.

90.     Defendants failed to pay Plaintiffs and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

91.     Defendants were not eligible to avail themselves of the sub-minimum wage rate under the FLSA, 29 U.S.C. §§ 201, *et seq.*, because they failed to inform Plaintiffs and the FLSA Collective Members of the provisions of subsection 203(m) of the FLSA.

92.     Defendants were also ineligible to avail themselves of sub-minimum wage rate under the FLSA because they misappropriated cash gratuities collected from customers to Plaintiffs and FLSA Collective Members.

93.     Further, Defendants required Plaintiffs and the FLSA Collective Members to perform work off-the-clock and without compensation.

94.     Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

95.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

96.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

97.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective Members.

99.     Plaintiffs and the FLSA Collective Members worked in excess of 40 hours during some workweeks in the relevant period.

100.     Defendants willfully failed to pay Plaintiffs and the FLSA Collective Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

101.     Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

102.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

103.    As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wage
### (Brought on behalf of Plaintiffs and the NY Rule 23 Class)

104.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

105.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

106.    At all times relevant, Plaintiffs and the NY Rule 23 Class Members have been employees of Defendants, and Defendants have been the employer of Plaintiffs and the NY Rule 23 Class Members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

107.    At all times relevant, Plaintiffs and the NY Rule 23 Class Members were not exempt from the minimum wage provisions of the NYLL.

108.    Defendants failed to provide Plaintiffs and the NY Rule 23 Class Members with the statutorily required language that they would be paying Plaintiffs and the NY Rule 23 Class Members the tipped minimum wage rate.

109.    Defendants were required to pay Plaintiffs and the NY Rule 23 Class Members in New York City the full minimum wage for hours worked below 40 hours a week at a rate of: (a)

$11.00 per hour for all hours worked on or after December 31, 2016 through December 30, 2017; (b) $13.00 per hour for all hours worked on or after December 31, 2017 through December 30, 2018; and (c) $15.00 per hour for all hours worked on or after December 31, 2018 through present under the NYLL §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

110.    Through its knowing or intentional failure to pay minimum hourly wages to Plaintiff and the NY Rule 23 Class Members for all hours worked, Defendants willfully violated the NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

111.    Due to Defendants' willful violations of the NYLL, Plaintiffs and NY Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Unpaid Wages**
**(Brought on behalf of Plaintiffs and the NY Rule 23 Class)**

112.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

113.    At all times relevant, Plaintiffs and the NY Rule 23 Class Members have been employees of Defendants, and Defendants have been the employer of Plaintiffs and the NY Rule 23 Class Members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

114.    At all times relevant, Defendants have maintained a policy and practice of failing to pay wages for all hours worked, even though Defendants require Plaintiffs and NY Rule 23

Class members to routinely work off-the-clock, including by working through breaks.

115.     Further, Defendants failed to pay Plaintiffs and the NY Rule 23 Class Members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.  Defendants failed to pay Plaintiffs and the NY Rule 23 Class Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

116.     Through their knowing or intentional failure to pay Plaintiffs and the NY Rule 23 Class Members wages for all hours worked at the appropriate rate, Defendants have willfully violated the NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

117.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the NY Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiffs and the NY Rule 23 Class)

118.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

119.     At all times relevant, Plaintiffs and the NY Rule 23 Class Members have been employees of Defendants, and Defendants have been the employer of Plaintiffs and the NY Rule 23 Class Members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

120.     Defendants have willfully failed to pay Plaintiffs and the members of the NY

Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

121.    By Defendants' failure to pay Plaintiffs and the members of the NY Rule 23 Class spread-of-hours pay, Defendant has willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

122.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the NY Rule 23 Class are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>**SIXTH CAUSE OF ACTION**</u>
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and the NY Rule 23 Class)**

123.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

124.    At all times relevant, Plaintiffs and the NY Rule 23 Class Members have been employees of Defendants, and Defendants have been the employer of Plaintiffs and the NY Rule 23 Class Members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

125.    The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiffs and members of the NY Rule 23 Class.

126.    Defendants failed to pay Plaintiffs and members of the NY Rule 23 Class on a timely basis as required by NYLL § 191(1)(a).

127.    Through their knowing or intentional failure to provide Plaintiffs and the NY Rule 23 Class members their wages on a timely, weekly basis as required by the NYLL, Defendants

have willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

128.    Due to Defendants' willful violations of NYLL, Article 6, § 191, Plaintiffs and members of the NY Rule 23 Class are entitled to the amount of their untimely paid wages in liquidated damages, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

### SEVENTH CAUSE OF ACTION
#### New York Labor Law – Tip Misappropriation
#### (Brought on behalf of Plaintiffs and the NY Rule 23 Class)

129.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

130.    At all times relevant, Plaintiffs and the NY Rule 23 Class Members have been employees of Defendants, and Defendants have been the employer of Plaintiffs and the NY Rule 23 Class Members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

131.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and NY Rule 23 Class Members.

132.    Defendants unlawfully accepted and/or retained part of Plaintiffs' and the NY Rule 23 Class Members' cash tips, gratuities, in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

133.    By Defendants' knowing or intentional acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the NY Rule 23 Class Members, Defendants have willfully violated NYLL Article 6, § 196-d and the supporting New York State Department of

Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 146-2.7.

134.     Due to Defendants' violation of the NYLL, Plaintiffs and the NY Rule 23 Class Members are entitled to recover from Defendants their misappropriated tips, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Notices
### (Brought on behalf of Plaintiffs and the NY Rule 23 Class)

135.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

136.     Defendants have willfully failed to supply Plaintiffs and the NY Rule 23 Class Members with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

137.     Through their knowing or intentional failure to provide Plaintiffs and the NY Rule 23 Class Members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

138.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the NY Rule 23 Class Members are entitled to statutory penalties of $50 for each workday that Defendants failed to provide them with wage notices, or up to a total of $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## NINTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs and the NY Rule 23 Class)

139.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

140.    Defendants have willfully failed to supply Plaintiffs and the NY Rule 23 Class Members with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

141.    Through their knowing or intentional failure to provide Plaintiffs and the NY Rule 23 Class Members with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

142.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the NY Rule 23 Class Members are entitled to statutory penalties of $250 for each work day that Defendants failed to provide them with accurate wage statements, or a total of up to $5,000,

reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

### PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the proposed FLSA collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Certification of this case as a class action pursuant to Rule 23;

C.      Designation of Plaintiffs as representatives of the NY Rule 23 Class and counsel of record as Class Counsel;

D.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*, the NYLL, Article 6, §§ 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and/or the supporting New York State Department of Labor Regulations;

E.      An award of damages, according to proof, including unpaid wages and liquidated damages, to be paid by Defendants;

F.      An injunction enjoining Defendants from violating the foregoing laws and regulations in the future;

G.      Penalties, as provided by law;

H.      Attorneys' fees and costs of action incurred herein, including expert fees;

I.      Reasonable service awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for the class and collective members and for the risks they took in doing so;

J.      Pre-judgment and post-judgment interest, as provided by law; and

K.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury on all issues so triable.


Dated: November 15, 2023                    Respectfully submitted,

/s/ *Molly Brooks*
Molly Brooks
**OUTTEN & GOLDEN LLP**
685 Third Ave., 25th Floor
New York, New York 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mb@outtengolden.com

Pooja Shethji*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW, Suite 1200B
Washington, D.C. 20005
Telephone: 202-847-4400
Fax: 202-847-4410
pshethji@outtengolden.com

Molly Frandsen*
**OUTTEN & GOLDEN LLP**
One California, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Fax: (415) 638-8810
mfrandsen@outtengolden.com

* *Pro hac vice* motion forthcoming

Attorneys *for Plaintiffs and the Proposed Class and Collective*